Weygandt, C. J.
At the threshold of this discussipn it should be noted that this action involves no claim for compensation for total disability resulting from silicosis. Partial disability alone is alleged by the relator in his petition.
The relator and the respondent agree that the answer to their question is found in the provisions of Section 1465-68a, General Code. The relator places great reliance upon the opening sentence of the section which provides in part that “Every employee who is disabled because of the contraction of an occupational disease as herein defined * * * shall * * * be entitled to the compensation * * *.” It is pointed out that this language is general and is not limited to either total or,partial disability. However, when the entire sentence is read an important limitation is disclosed in the further words “subject to the modifications hereinafter mentioned * *
A study of these further provisions of the section reveals the following requirements:
“Compensation, medical, hospital and nursing expenses on account of silicosis shall be payable only in the event of temporary total disability, permanent total disability, or death, in accordance with the provisions of Sections 1465-79, 1465-81 and 1465-92 [sic] of the General Code, and only in the event of such disability or death resulting within two years after the last in *189 jurious exposure; provided that in the event of death following continuous total disability commencing^ within two years after the last injurious exposure, the requirement of death within two years after the last in* jurious exposure shall not apply.” (Italics supplied.)
This unambiguous, inescapable language not only makes no provision for partial disability but expressly limits compensation to employees who have experienced total disability; and the context presents no conflict therewith.
The relator complains, that-it is unreasonable to provide for compensation for total disability but not for partial. This, of course, is a matter with which this court is not permitted to concern itself. Under the permissive legislative power conferred by Section 35 of Article II of the Constitution of Ohio the General Assembly has exercised its discretion by enacting Section 1465-68a, General Code, providing for compensation for total disability resulting from silicosis; and if this statute is to be amended to include compensation for partial disability as well, the amendment, too, must be accomplished by means of the same legislative process.
The Court of Appeals was not in error in sustaining the respondent’s demurrer and denying the relator a writ of mandamus; and this court is of the unanimous view that’ the judgment must be affirmed.

Judgment affirmed.

Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.’